# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NOEMI VAZQUEZ AMBROSIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N15C-06-100 CLS |
| WILLIAM DRUMMOND, | ) | |
| DELAWARE DEPARTMENT OF | ) | |
| SAFETY AND HOMELAND | ) | |
| SECURITY, DELAWARE STATE | ) | |
| POLICE TROOP 6, | ) | |
| | ) | |
| Defendants. | | |

Date Submitted: April 20, 2017
Date Decided: April 25, 2017
Date Issued: April 27, 2017

## ORDER

Leroy A. Tice, Esquire, Wilmington, Delaware, Attorney for Plaintiff.

Lynn A. Kelly, Esquire, Delaware Department of Justice, Wilmington, Delaware, Attorney for Defendants William A. Drummond, Delaware Department of Safety and Homeland Security, and Delaware State Police Troop 6.

**SCOTT, J.**

## Background

On April 17, 2017, Defendants William A. Drummond, Delaware Department of Safety and Homeland Security, and Delaware State Police Troop 6 (hereinafter "the State") filed a proposed verdict form in the present case for trial beginning on April 24, 2017. Plaintiff objected to Questions 1 and 2 on the proposed verdict form. Question 1 states:

> Do you find that Defendant William Drummond, Delaware Department of Safety and Homeland Security, and Delaware State Police Troop 6 acted with gross or wanton negligence?

Plaintiff's objection to Question 1 provides:

> Whether Drummond was in "pursuit" as contemplated by 21 *Del. C.* § 4106 or performing a "discretionary duty" as contemplated by 10 *Del. C.* § 4001 are jury questions which should be reflected on the Verdict Form.

Similarly, Plaintiff objects to Question 2 on the Proposed Verdict Form. Question 2 reads:

> Do you find that Defendants William Drummond, Delaware Department of Safety and Homeland Security, and Delaware State Police Troop 6's gross or wanton negligence was a proximate cause of injury to Noemi Vazquez Ambrosio? If your answer to Question 1 was "NO," then the answer to this Question (2) must also be "NO."

Plaintiff's objection to Question 2 on the Proposed Verdict Form states:

> Whether Drummond was in "pursuit" as contemplated by 21 *Del. C.* § 4106 or performing a "discretionary duty" as contemplated by 10 *Del. C.* § 4001 are jury questions which should be reflected on the Verdict Form.

At the request of the Court, the parties submitted memorandums of law on April 20, 2017. The parties' contentions focused on whether Defendant Drummond's acts were discretionary or ministerial under the State Tort Claims Act.

## Discussion

To successfully sue the State of Delaware and its officers, Plaintiff must meet a two-prong test.[1] Plaintiff "must overcome the doctrine of sovereign immunity," and the State Tort Claims Act.[2] The parties agree that the State waived the defense of sovereign immunity[3] up to the limit of the State's available insurance coverage. The parties' disagreement is under the State Tort Claims Act. The State Tort Claims Act provides:

> Except as otherwise provided by the Constitutions or laws of the United States or of the State of Delaware, as the same may expressly require or be interpreted as requiring by a court of competent jurisdiction, no claim or cause of action shall arise, and no judgment, damages, penalties, costs or other money entitlement shall be awarded or assessed against the State or any public officer or employee, including the members of any board, commission, conservation district or agency of the State, whether elected or appointed, and whether now or previously serving as such, in any civil suit or proceeding at law or in equity, or before any administrative tribunal, where the following elements are present:
>
> (1) The act or omission complained of arose out of and in connection with the performance of an official duty requiring a determination of policy, the interpretation or enforcement of statutes, rules or

---

[1] *Mathangani v. Hevelow*, 2016 WL 3587192, at *3 (Del. Super. May 31, 2016)(citing *Pauley v. Reinoehl*, 848 A.2d 569, 5736 (Del. 2004)).

[2] *Id.*

[3] Defendants concede that the State of Delaware's self-insurance program applies to this accident in an amount up to $1,000,000.00, thus waiving the defense of sovereign immunity.

regulations, the granting or withholding of publicly created or regulated entitlement or privilege or any other official duty involving the exercise of discretion on the part of the public officer, employee or member, or anyone over whom the public officer, employee or member shall have supervisory authority;

(2) The act or omission complained of was done in good faith and in the belief that the public interest would best be served thereby; and

(3) The act or omission complained of was done without gross or wanton negligence.[4]

If all three of the above elements are met, the State is immune from suit. The parties disagree over whether Trooper Drummond's actions were discretionary per the first prong of the State Tort Claims Act. The Court finds that it is not necessary to make this determination, as Trooper Drummond was enforcing statutes, rules, or regulations. Trooper Drummond was pursuing a driver he suspected was operating a vehicle while intoxicated, a violation of Delaware law. Thus, the first prong of the State Tort Claims Act is met and the Court does not need to analyze whether Trooper Drummond's acts were discretionary or ministerial. Additionally, 21 *Del. C.* § 4106 provides:

> The driver of an emergency vehicle is not liable for any damage to or loss of property or for any personal injury or death caused by the negligent or wrongful act or omission of such driver except acts or omissions amounting to gross or wilful or wanton negligence so long as the applicable portions of subsection (c) of this section have been followed. The owner of such emergency vehicle may not assert the defense of governmental immunity in any action on account of any

---

[4] 10 *Del C.* § 4001.

damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of such driver or owner.[5]

Additionally, Section (e) of the statute clearly states that police vehicles are considered authorized emergency vehicles pursuant to this section. [6]

Before the Court discusses its holding, it is important to clarify how and when this issue arose. The parties filed a proposed verdict form on April 17, 2017. On April 19, 2017, at oral arguments for an ancillary issue, the State asked the Court to hear arguments based on Plaintiff's objection to the proposed verdict form. After the parties presented their arguments the Court asked the parties to file supplemental briefing on the State Tort Claims Act. The Court notes that ultimately this issue is not a verdict form issue, but a case dispositive issue that should have been brought to the Court's attention via a dispositive motion before the pretrial conference. Under 21 *Del. C.* § 4106(d), a driver, here Trooper Drummond, of an emergency vehicle is not liable unless his acts or omissions amounted to gross or willful or wanton negligence. It does not appear from either the original Complaint or Amended Complaint that Plaintiff plead Trooper Drummond acted with gross negligence. Thus, any claim of gross negligence against Trooper Drummond is dismissed for this reason. However, assuming

---

[5] 21 *Del. C.* § 4106(d).
[6] *See* 21 *Del. C.* § 4106(e).

Plaintiff did plead gross negligence, a reasonable juror could not find, based on the facts of this case, that Trooper Drummond acted with gross or wanton negligence. If Trooper Drummond acted negligently, then the owner of the patrol vehicle may not assert government immunity in this action caused by the *negligent or wrongful* act or omission of Trooper Drummond. Therefore, the owner of the vehicle, the State, may not assert immunity if the jury finds that Trooper Drummond was merely negligent, per 21 *Del. C.* § 4106(d).

**IT IS SO ORDERED.**

_____
**Judge Calvin L. Scott, Jr.**